IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OCTAVIO RODRIGUEZ CIRA and FABIOLA MERLOS MARTINEZ, as Surviving Parents of FERNANDO OCTAVIO RODRIGUEZ, Deceased, and OCTAVIO RODRIGUEZ as Administrator of the Estate of FERNANDO OCTAVIO RODRIGUEZ, <br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF HAMPTON, COUNTY OF HENRY, OFFICER GREGORY R. BOWLDEN, In his Individual and Official Capacity, OFFICER MASON C. LEWIS, In his Individual and Official Capacity, OFFICER MARCUS J. STROUD, In his Individual and Official Capacity, OFFICER ROBERT P. BUTERA, In his Individual and Official Capacity, and OFFICER QUINTON C. PHILLIPS, In his Individual and Official Capacity,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:21-CV-01999-TCB |

### DEFENDANT ROBERT P. BUTERA'S RESPONSE TO PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT ROBERT P. BUTERA

COME NOW ROBERT P. BUTERA, a Defendant in the above-styled civil action, and responds to Plaintiffs' First Continuing Interrogatories to Defendant Robert P. Butera as follows:

# INTERROGATORIES

1.

Identify each and every person providing information used to respond to these interrogatories.

**RESPONSE:** With the assistance of counsel, this Defendant is responsible for the responses provided herein.

2.

Describe your career in law enforcement including each law enforcement agency you have worked for, rank attained, description of duties, and training received.

**RESPONSE:** In lieu of a response, Defendant Butera has provided a copy of his POST Peach Officer Profile.

3.

Describe in detail any other incident in which you were a party to or accused of being a party to an alleged violation of an individual's constitutional rights. In doing so, state the date, location, parties and law enforcement agencies involved, and the outcome of any resulting investigation.

**RESPONSE:** In response to Interrogatory number 3, the Defendant was accused of violating an individual's rights. An Internal Affairs investigation was initiated, and the Defendant was cleared of all wrongdoing. This Defendant will produce a copy of said Internal Affairs investigation.

4.

Upon arriving at the scene where Mr. Rodriguez was arrested on September 20, 2019, describe in detail the information you had received about the situation and who you learned this information from.

**RESPONSE:** *See* Defendant's incident report.

5.

Describe in detail the roles and responsibilities of each and every law enforcement officer who was present at the scene of Mr. Rodriguez's arrest on September 20, 2019 (including yourself).

**RESPONSE:** Because this Defendant was not on scene when the City of Hampton officers arrived, he is unaware of what roles those officers assumed. When this Defendant arrived, he assumed the role of a back-up officer to assist in effectuating the arrest of Fernando Rodriguez.

6.

Describe any training that you have received regarding the use of Tasers on an arrestee, including where and when you received such training, the number of times it is permissible to use a Taser on an arrestee, whether it is permissible to Taser an arrestee who is on the ground, and whether it is permissible to Taser an arrestee who is handcuffed and on the ground.

**RESPONSE:** In lieu of a response, this Defendant has produced a copy of his POST Law Enforcement Officer Profile.

7.

Describe each instance in which you have deployed your Taser, including the date, place, and the name of the individual who you deployed your Taser on.

**RESPONSE:** In lieu of a response, this Defendant will produce copies of all reports related to his use of the Taser.

8.

State each and every statement, question, command, and/or instruction that you and the other officers made at the scene of Mr. Rodriguez's arrest on September 20, 2019. If you cannot recall the exact wording of a particular statement, question, command, and/or instruction, describe the utterances as best as you can.

**RESPONSE:** In lieu of a response, this Defendant directs Plaintiffs to his incident report and the video from body-worn cameras. In general, however, he was giving Rodriguez commands to assist officers in completing his arrest.

9.

Describe in detail each and every movement and action that you made or took on September 20, 2019, from the time you arrived at the scene until the time the paramedics took Mr. Rodriguez away.

**RESPONSE:** This Defendant objects to this interrogatory on the basis that it is overly broad and unduly burdensome. Subject to this objection, and without waiving same, this Defendant directs Plaintiffs to all video recordings from the body cameras worn by officers on scene. Further, he directs Plaintiffs to his incident report that was prepared in connection with the underlying incident.

10.

Describe why you and the other officer present at the scene placed Fernando Rodriguez into the prone position.

**RESPONSE:** This Defendant objects to this interrogatory on the basis that it seeks the motivation of individuals other than this Defendant. Subject to this objection, and without waiving same, this Defendant states that he was not responsible for placing Mr. Rodriguez into the prone position at any point during the incident.

11.

Describe any and all training that you have received regarding the placement of an arrestee in the prone position, including when and where you received such training, when it is permissible to place an arrestee in the prone position, how long an arrestee may be placed in the prone position, and whether arresting officers must take certain precautions when placing an arrestee in the prone position.

**RESPONSE:** In lieu of a response, this Defendant has produced herewith a copy of his POST Law Enforcement Officer Profile.

12.

After Fernando Rodriguez was placed onto his stomach, describe in detail the actions you took before EMS arrived, including whether you placed any body weight on Mr. Rodriguez and for how long and whether you monitored any of Mr. Rodriguez's vitals.

**RESPONSE:** In response to this interrogatory, this Defendant directs Plaintiffs to all body-worn camera video and his incident report. This Defendant did not monitor any vitals.

13.

Explain in detail why you did not immediately get off of Mr. Rodriguez's body or render any medical aid after hearing comments regarding Mr. Rodriguez's pulse rate and breathing.

**RESPONSE:** This Defendant states that EMTs were summoned prior to his arrival, and at the moment that Mr. Rodriguez appeared to stop breathing, this Defendant relinquished Mr. Rodriguez to EMTs.

14.

Describe whether you observed Mr. Rodriguez to be in any pain or distress and the cause of the pain and distress.

**RESPONSE:** This Defendant objects to this interrogatory on the basis that it is vague and ambiguous. Subject to this objection and without waiver of same, this Defendant never observed Mr. Rodriguez in any pain.

15.

Identify all documents, reports, and communications relied upon in completing *Plaintiffs' First Continuing Interrogatories to Defendant Robert P. Butera.*

**RESPONSE:** In response to this interrogatory, this Defendant directs Plaintiffs to those documents produced in response Plaintiffs' First Request for Production of Documents.

This 5th day of October, 2021.

    WILLIAMS, MORRIS & WAYMIRE, LLC

    */s/ Terry E. Williams*
    TERRY E. WILLIAMS
    Georgia Bar No. 764330
    Attorney for Defendants Henry County,
    Butera and Phillips

Building 400, Suite A
4330 South Lee Street
Buford, GA 30518
(678) 541-0790
(678) 541-0789(f)
terry@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANT ROBERT P. BUTERA'S RESPONSE TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES on all parties via U.S. Mail and/or the Court's electronic filing system, as follows:

Jess B. Johnson
PATE, JOHNSON & CHURCH, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
jess@patejohnson.com

This 5th day of October, 2021.

WILLIAMS, MORRIS & WAYMIRE, LLC

*/s/ Terry E. Williams*
TERRY E. WILLIAMS
Georgia Bar No. 764330

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789
terry@wmwlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OCTAVIO RODRIGUEZ CIRA and FABIOLA MERLOS MARTINEZ, as Surviving Parents of FERNANDO OCTAVIO RODRIGUEZ, Deceased, and OCTAVIO RODRIGUEZ as Administrator of the Estate of FERNANDO OCTAVIO RODRIGUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HAMPTON, COUNTY OF HENRY, OFFICER GREGORY R. BOWLDEN, In his Individual and Official Capacity, OFFICER MASON C. LEWIS, In his Individual and Official Capacity, OFFICER MARCUS J. STROUD, In his Individual and Official Capacity, OFFICER ROBERT P. BUTERA, In his Individual and Official Capacity, and OFFICER QUINTON C. PHILLIPS, In his Individual and Official Capacity, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:21-CV-01999-TCB |

## **DEFENDANT QUINTON C. PHILLIPS' RESPONSE TO PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT QUINTON C. PHILLIPS**

COME NOW QUINTON C. PHILLIPS, a Defendant in the above-styled civil action, and responds to Plaintiffs' First Continuing Interrogatories to Defendant Quinton C. Phillips as follows:

# INTERROGATORIES

1.

Identify each and every person providing information used to respond to these interrogatories.

**RESPONSE:** With the assistance of counsel, this Defendant is responsible for the responses provided herein.

2.

Describe your career in law enforcement including each law enforcement agency you have worked for, rank attained, description of duties, and training received.

**RESPONSE:** In lieu of a response, this Defendant has provided a copy of his POST Peach Officer Profile.

3.

Describe in detail any other incident in which you were a party to or accused of being a party to an alleged violation of an individual's constitutional rights. In doing so, state the date, location, parties and law enforcement agencies involved, and the outcome of any resulting investigation.

**RESPONSE:** This Defendant has never previously been accused of violating any person's constitutional rights.

4.

Upon arriving at the scene where Mr. Rodriguez was arrested on September 20, 2019, describe in detail the information you had received about the situation and who you learned this information from.

**RESPONSE:** *See* Defendant's incident report.

5.

Describe in detail the roles and responsibilities of each and every law enforcement officer who was present at the scene of Mr. Rodriguez's arrest on September 20, 2019 (including yourself).

**RESPONSE:** Because this Defendant was not on scene when the City of Hampton officers arrived, he is unaware of what roles those officers assumed. When this Defendant arrived, he assumed the role of a back-up officer to assist in effectuating the arrest of Fernando Rodriguez.

6.

For each separate instance in which you used your Taser on Fernando Rodriguez (beginning with the first tasing and ending with the last tasing), explain why you used your Taser on Fernando Rodriguez.

**RESPONSE:** Each time that this Defendant activated his Taser he did so because Rodriguez was physically resisting, refusing to comply with lawful orders and/or unrestrained.

7.

Describe any training that you have received regarding the use of Tasers on an arrestee, including where and when you received such training, the number of times it is permissible to use a Taser on an arrestee, whether it is permissible to Taser an arrestee who is on the ground, and whether it is permissible to Taser an arrestee who is handcuffed and on the ground.

**RESPONSE:** In lieu of a response, this Defendant has provided a copy of his POST Law Enforcement Officer Profile.

8.

Describe each instance in which you have deployed your Taser, including the date, place, and the name of the individual who you deployed your Taser on.

**RESPONSE:** Prior to the underlying incident, this Defendant had never previously deployed his Taser.

9.

State each and every statement, question, command, and/or instruction that you and the other officers made at the scene of Mr. Rodriguez's arrest on September 20, 2019. If you cannot recall the exact wording of a particular statement, question, command, and/or instruction, describe the utterances as best as you can.

**RESPONSE:** This Defendant objects to Interrogatory number 9 on the basis that it is overly broad, unduly burdensome and vague. Subject to this objection and without waiving same, this Defendant directs Plaintiffs to all officers' body-worn cameras and his written supplemental report. In general, however, this Defendant states that he repeatedly ordered Rodriguez to "Stop!"

10.

Describe in detail each and every movement and action that you made or took on September 20, 2019, from the time you arrived at the scene until the time the paramedics took Mr. Rodriguez away.

**RESPONSE:** Defendant objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and vague. Subject to this objection, and without waiving same, this Defendant directs Plaintiffs to all officers' body cameras and his supplemental report.

11.

Describe why you and the other officer present at the scene placed Fernando Rodriguez into the prone position.

**RESPONSE:** Defendant objects to this Interrogatory on the basis that it seeks the motivations of individuals other than this Defendant. Subject to this objection, and without waiving same, this Defendant states that he does not specifically recall Rodriguez being in the prone position, but upon review of the body worn cameras, he acknowledges that he briefly placed his hand on

5

Rodriguez's back while Rodriguez was face down to assist in effectuating the arrest. Further, this Defendant states that all interactions with Mr. Rodriguez were in furtherance of completing his arrest.

12.

Describe any and all training that you have received regarding the placement of an arrestee in the prone position, including when and where you received such training, when it is permissible to place an arrestee in the prone position, how long an arrestee may be placed in the prone position, and whether arresting officers must take certain precautions when placing an arrestee in the prone position.

**RESPONSE:** In lieu of a response, this Defendant directs Plaintiffs to his POST Law Enforcement Officer Profile.

13.

After Fernando Rodriguez was placed onto his stomach, describe in detail the actions you took before EMS arrived, including whether you placed any body weight on Mr. Rodriguez and for how long and whether you monitored any of Mr. Rodriguez's vitals.

**RESPONSE:** In response to this interrogatory, this Defendant directs Plaintiffs to all body-worn camera video and his incident report. This Defendant did not monitor any vitals.

14.

Explain why you did not immediately get off Mr. Rodriguez's body or render any medical aid after comments had been made about Mr. Rodriguez's pulse rate and breathing.

**RESPONSE:** This Defendant states that EMTs were summoned prior to his arrival, and at the moment that Mr. Rodriguez appeared to stop breathing, this Defendant relinquished Mr. Rodriguez to EMTs.

15.

Describe whether you observed Mr. Rodriguez to be in any pain or distress and the cause of the pain and distress.

**RESPONSE:** This Defendant objects to this interrogatory on the basis that it is vague and ambiguous. Subject to this objection and without waiver of same, this Defendant never observed Mr. Rodriguez in any pain.

16.

Identify all documents, reports, and communications relied upon in completing *Plaintiffs' First Continuing Interrogatories to Defendant Quinton C. Phillips.*

**RESPONSE:** In response to this interrogatory, this Defendant directs Plaintiffs to those documents produced in response Plaintiffs' First Request for Production of Documents.

This 5th day of October, 2021.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ Terry E. Williams
TERRY E. WILLIAMS
Georgia Bar No. 764330
Attorney for Defendants Henry County,
Butera and Phillips

Building 400, Suite A
4330 South Lee Street
Buford, GA 30518
(678) 541-0790
(678) 541-0789(f)
terry@wmwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANT QUINTON C. PHILLIPS' RESPONSE TO PLAINTIFFS' FIRST CONTINUING INTERROGATORIES on all parties via U.S. Mail and/or the Court's electronic filing system, as follows:

Jess B. Johnson
PATE, JOHNSON & CHURCH, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
jess@patejohnson.com

This 5th day of October, 2021.

                                                    WILLIAMS, MORRIS & WAYMIRE, LLC

                                                   */s/ Terry E. Williams*
                                                   TERRY E. WILLIAMS
                                                   Georgia Bar No. 764330

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789
terry@wmwlaw.com